UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | | |
|---|---|---|
| CHARLES STEPHEN MANLEY, | | Case No. 3:14-cv-00580-RCJ-VPC |
| | Plaintiff, | ORDER |
| v. | | |
| RENEE BAKER, et al., | | |
| | Defendants. | |

     This *pro se* habeas matter under 28 U.S.C. § 2254 comes before the court on respondents' motion to dismiss certain grounds in petitioner Charles Stephen Manley's petition (ECF No. 9).  Manley opposed (ECF No. 18), and respondents replied (ECF No. 19).

**I.     Procedural History and Background**

    On August 25, 2010, the State filed a criminal information charging Manley with battery by a prisoner and possession of a controlled substance by a prisoner (exhibit 2 to respondents' motion to dismiss, ECF No. 9).[1]  Manley pled not guilty.  Exh. 8.  On November 9, 2010, Manley filed a motion to produce the alleged victim, inmate Christopher Hubble.  Exh. 14.  On November 17, 2010, Hubble's attorney filed a notice invoking Hubble's right against self-incrimination.  Exh. 18.  Trial commenced on May 31, 2011.  Exh. 21.  The jury found Manley guilty of both counts and the state district

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 9, and are found at ECF No. 11.

court sentenced him to a term of twenty-four to sixty months, with a consecutive term of nineteen to forty-eight months.  Exhs. 22, 23.

The Nevada Supreme Court affirmed the convictions on April 12, 2012, and remittitur issued on May 11, 2012.  Exhs. 27, 28.  The Nevada Supreme Court affirmed the state district court's denial of Manley's state postconviction petition on September 17, 2014, and remittitur issued on October 16, 2014.  Exhs. 45, 46.

Manley dispatched his federal petition for mailing on November 6, 2014 (ECF No. 4). Respondents now argue that certain grounds are subject to dismissal as procedurally barred (ECF No. 9).

## II.    Legal Standards

28 U.S.C. § 2254(d), a provision of the Antiterrorism and Effective Death Penalty Act (AEDPA), provides that this court may grant habeas relief if the relevant state court decision was either:  (1) contrary to clearly established federal law, as determined by the Supreme Court;  or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court.

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits.  A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment.  *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court explained the effect of a procedural default:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).  The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases.  *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule.  *Murray*, 477 U.S. at 488 (emphasis added).  For cause to exist, the external impediment must have prevented the petitioner from raising the claim.  *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

### III.    Instant Petition

Respondents argue that grounds 4, 5 and part of ground 7 should be dismissed as procedurally barred (ECF No. 9, pp. 7-10).

### Grounds 4 & 5

As ground 4, Manley contends that the prosecutor introduced a photograph of the victim at trial despite the fact that he knew that the victim had been battered by prison staff when staff extracted the victim from his cell in violation of Manley's Fifth and Fourteenth Amendment due process rights (ECF No. 4, p. 11).  In ground 5, Manley asserts that the trial court required Manley's counsel to withdraw his motion for production of the victim Hubble, which violated Manley's Sixth and Fourteenth Amendment rights to confront and cross-examine the complaining victim (ECF No. 4, p. 13).

In his appeal of the denial of his state postconviction petition, Manley presented several ineffective assistance of trial and appellate counsel claims.  Exh. 44, p. 4.  In affirming the denial of the state petition, the Nevada Supreme Court rejected Manley's claim of ineffective assistance of counsel for his appellate counsel's failure to raise the claims that correspond to federal grounds 4 and 5.  Exh. 45, p. 7.  The Nevada Supreme Court further stated:

3

> To the extent that appellant raised any of the underlying claims independent from his claims of ineffective assistance of appellate counsel, those claims were waived as they could have been raised on direct appeal and he failed to demonstrate good cause and prejudice for his failure to raise the claims on direct appeal. *See* NRS 34.810(1)(b).

*Id.* at 6, n.3.

Under Nevada law, the state district court shall dismiss a state postconviction claim that could have been raised in a direct appeal or a prior postconviction petition. NRS 34.810(1)(b). Petitioner bears the burden of proving good cause for his failure to present the claim and of proving actual prejudice. NRS 34.810(3). As quoted above, the Nevada Supreme Court explicitly relied on this procedural bar when it declined to review the claims that correspond to federal grounds 4 and 5. Exh. 45, p. 6, n.3. The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case – NRS 34.810 – is an independent and adequate state ground. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).

Therefore, this court finds that the Nevada Supreme Court's determination that federal grounds 4 and 5 are procedurally barred under NRS 34.810(1)(b) was an independent and adequate ground for the court's dismissal of those claims in the state petition. Manley correctly points out in his opposition that his allegations are clear and concise; however, this has no bearing on the issue of procedural default. Further, he makes only the bare assertion, with no elaboration whatsoever, that ineffective assistance of appellate counsel provides cause (ECF No. 18, pp. 5-9). But "[c]ause for a procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim." *Murray*, 477 U.S. at 492. The court concludes that Manley's naked claim of ineffective assistance of counsel fails to demonstrate cause for the procedural default. Accordingly, grounds 4 and 5 are dismissed as procedurally barred.

**Ground 7**

In ground 7 Manley alleges a violation of his Fifth and Fourteenth Amendment due process rights because insufficient evidence supported the convictions (ECF No. 4, p. 17). In its order affirming the denial of Manley's state postconviction petition, the Nevada Supreme Court stated:

> Finally, appellant claimed that insufficient evidence was presented at trial. Appellant previously litigated a claim of insufficient evidence on direct appeal. The doctrine of the law of the case prevents further litigation of this issue and cannot be avoided by a more detailed and precisely focused argument. Therefore, we conclude that the district court did not err in denying this claim.

Exh. 45, p. 8 (citations omitted).

In what this court will refer to as ground 7(a), Manley contends that insufficient evidence supported the guilty verdict as to count 1, battery by an inmate (ECF No. 4, p. 17). As referred to in the Nevada Supreme Court's order, Manley presented ground 7(a) on direct appeal, and it is therefore exhausted (ECF No. 9, p. 10; exh. 25, pp. 5-9).

In federal ground 7(b), Manley contends as to count 2 that the State withheld exculpatory evidence that petitioner did not have possession of the controlled substance and was guilty at most of being under the influence, which is a misdemeanor (ECF No. 4, p. 17). While the Nevada Supreme Court stated generally that Manley presented a claim of insufficient evidence as to both convictions, Manley had not, in fact, raised insufficiency of the evidence for count 2 in his direct appeal.

This court in general declines to apply what is sometimes referred to as anticipatory procedural default. Applying an anticipatory bar to a claim that was not presented to the state's highest court ordinarily contravenes the comity principles that guide the exhaustion analysis. This situation, however, is unique. The state district court dismissed as procedurally barred the claim of insufficiency of the evidence as to count 2 because Manley failed to raise it on direct appeal. Exh. 37, p. 14. Apparently overlooking that Manley had only raised such a claim with respect to count 1 in his

5

direct appeal, the Nevada Supreme Court applied the law of the case doctrine to both insufficiency of evidence claims.  The Nevada Supreme Court applied the state procedural bar (NRS 34.810) to other claims in the postconviction petition that could have been raised on direct appeal.  Thus, it is beyond dispute that if Manley attempted to return to state court on this claim that the Nevada Supreme Court would clarify that it is (and was) procedurally barred.

Manley offers the same bare assertion that ineffective assistance of appellate counsel provides cause (ECF No. 18, pp. 5-9).  The court concludes that Manley's naked claim of ineffective assistance of counsel fails to demonstrate cause for the procedural default.  Accordingly, ground 7(b) is dismissed as procedurally barred.

### IV.    Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 9) is **GRANTED**.  Grounds 4, 5, and 7(b) are **DISMISSED** as procedurally barred.

**IT IS FURTHER ORDERED** that respondents shall have **sixty (60) days** from the date of entry of this order to file an answer to petitioner's remaining grounds for relief.  The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.


DATED: 26 January 2016.

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE

6